UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TDY INDUSTRIES, LLC,

        Plaintiff,

   v.                                20-CV-1627-LJV
                                        DECISION & ORDER

IWY, INC.,

        Defendant.
_____

On November 5, 2020, TDY Industries, LLC ("TDY"), commenced this action against IWY, Inc. Docket Item 1. TDY alleges that a truck driver employed by IWY negligently hit a utility pole located on TDY's property, causing a power outage and putting several furnaces out of service. *Id.*

Just before TDY's time to serve IWY expired, TDY moved for an extension of time to effect service. Docket Item 4. This Court granted that motion on February 4, 2021, and gave TDY another 90 days to serve the summons and complaint on IWY. Docket Item 5. After TDY's attempts at service again proved unsuccessful, on April 22, 2021, it moved for a second extension of time to effect service. Docket Item 6. Again, this Court granted that motion and gave TDY another 90 days to serve the summons and complaint. Docket Item 7.

On July 22, 2021, TDY moved under Federal Rule of Civil Procedure 55(a) for a default. Docket Item 8. TDY says that entry of default is appropriate here because TDY has "properly served th[e] [d]efendant in multiple ways consistent with the Federal Rules and the laws of New York, Illinois[,] and Wisconsin" and IWY has failed to answer the complaint or appear. *Id.* at 1. For the reasons that follow, however, this Court

concludes that none of TDY's attempts at service were valid and denies TDY's motion. The Court extends the time for TDY to effect service on IWY for another 90 days from the date of this order.

## **FACTUAL BACKGROUND**

On November 5, 2020, TDY filed its complaint against IWY, an Illinois corporation with a principal place of business in Appleton, Wisconsin.  Docket Item 1. On November 17, 2020, TDY first attempted to serve IWY by sending a certified mailing to IWY's Appleton address.  Docket Item 8 at ¶ 17.  Although the mailing apparently was delivered, no one at IWY signed the certification.  *Id.* at ¶ 18.  TDY then hired a process server who "attempted personal service" on IWY.  Docket Item 6 at ¶ 5.  That attempt also was unsuccessful, however, because IWY's Appleton address is a "temporary office space and no one present would accept service."  *Id.* at ¶ 6; *see also* Docket Item 8 at ¶ 18.

TDY next tried serving IWY in Illinois.  *See* Docket Item 8 at ¶¶ 19-23.  More specifically, after TDY "identified an additional address for [the] [d]efendant in Illinois" in January 2021, TDY's process server "left copies of the summons and [c]omplaint with the wife [sic]."[1]  *Id.* at ¶ 19.  TDY's process server also "attempted service on the registered agent [of IWY] at another address that was identified" in Illinois.  *Id.* at ¶ 22. The process server, however, "was met by the registered agent's wife[,] who became

---

[1] As explained below, it is unclear whether this attempt at service is different than the process server's encounter with "the registered agent's wife."

physically and verbally aggressive towards the process server." Docket Item 6 at ¶ 14; *see also* Docket Item 8 at ¶ 23.

TDY then sent IWY's registered agent "a letter regarding the lawsuit and requested a waiver of service pursuant to the Federal Rules of Civil Procedure." Docket Item 8 at ¶ 24. Although that letter was delivered, IWY's agent did not sign and return the service waiver. *Id.* at ¶ 25. After those unsuccessful attempts to personally serve IWY and to obtain a waiver of service, TDY "served the Secretary of State in Illinois with a copy of the letter and [c]omplaint" on May 18, 2021. *Id.* at ¶ 26; *see also* Docket Item 8-5 (cover letter sent from TDY to the Illinois Secretary of State).

TDY also attempted service by newspaper publication in Wisconsin. *See* Docket Item 9. Specifically, TDY published the complaint in this case on three days in consecutive weeks—June 29, 2021; July 6, 2021; and July 13, 2021—in the *Appleton Post Crescent*, a newspaper published in Appleton, Wisconsin. *Id.*

Despite all those attempts at service, IWY has not answered the complaint or otherwise appeared in this action. On July 22, 2021, TDY therefore asked this Court to direct the Clerk of the Court to enter a default. Docket Item 8.

## **LEGAL PRINCIPLES**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The Clerk of the Court must enter the default if [the] defendant fails to plead or otherwise defend in response to a properly served and filed complaint." *Doe v. Gooding*, 2021 WL 5991819, at *4 (S.D.N.Y. July 29, 2021) (alterations, citation, and internal quotation marks omitted).

"Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, a district judge also possesses the inherent power to enter a default." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (internal citations omitted).

## DISCUSSION

TDY says that it is entitled to a default because IWY failed to answer or otherwise respond to the complaint after TDY "properly served [IWY] in multiple ways." Docket Item 8 at 1. Because neither the motion for a default nor the complaint was properly served, however, TDY's motion is denied.

### I.  SERVICE OF THE MOTION FOR ENTRY OF DEFAULT

As an initial matter, there is no indication that TDY ever served its motion for the entry of default on IWY. For that reason alone, this Court would deny the motion. *See* L. R. Civ. P. 55(a) ("The documents required for obtaining entry of default are[] . . . [a] Certificate of Service indicating that [the other documents "required for obtaining entry of default"] were served upon [the] defendant."). But even if TDY had served the motion on IWY, its attempts at serving the summons and complaint were insufficient for the reasons set forth below.

### II.  SERVICE OF THE SUMMONS AND COMPLAINT

The defendant is a corporation. *See* Docket Item 1 at ¶ 2. Under Federal Rule of Civil Procedure 4(h)(1), a corporation may be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized

4

by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A)-(B).  Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  So under Rule 4(h)(1), a corporation may be served either by serving its officer or agent or by following state law governing service on a corporation in the state where the district court sits or where service is made.[2]

Here, TDY attempted to serve IWY in Wisconsin and Illinois.  Docket Item 8.  Because this Court is located in New York, it analyzes the sufficiency of those attempts at service under the laws of New York and Wisconsin or the laws of New York and Illinois, depending on where the attempt was made.[3]  *See* Fed. R. Civ. P. 4(e)(1), (h)(1)(A).

---

[2] In arguing that service was adequate under Rule 4(h)(1), TDY cites various statutes and provisions governing service of an *individual* under New York, Illinois, and Wisconsin state law.  *See, e.g.*, Docket Item 8 at ¶¶ 4, 6, 8, 13.  But "[t]he federal rules require service of process on a corporation to be in accordance with the state statutes authorizing service of process on a corporation, not the statutes authorizing service on an individual." *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 17 (D.D.C. 2002).  In other words, when a plaintiff looks to state law to serve a corporation under Rule 4(h)(1)(A) and Rule 4(e)(1), the relevant state law is the law governing service on corporations, not individuals.  This Court therefore considers the sufficiency of TDY's attempts under those state laws.

[3] It is unclear whether TDY is arguing that it validly served IWY or whether it is asking this Court simply to declare its attempts at service adequate even if they did not comply with state law.  For example, TDY says in its motion that it "properly served [IWY] in multiple ways consistent with the Federal Rules and the laws of New York, Illinois[,] and Wisconsin," *see* Docket Item 8 at 1; it later says that its "*attempt[s]* [at] service" have been stonewalled because IWY is "willfully avoiding service of this lawsuit," *see id.* at ¶¶ 31-34 (emphasis added).

### A. Service by Certified Mail and Process Server in Wisconsin

TDY first tried to serve IWY in Wisconsin by certified mail. Docket Item 8 at ¶¶ 17-18. But the Federal Rules do not permit service by simply mailing the summons and complaint to the defendant in the first instance. *See Accuprobe, Inc. v. Earth Search Scis., Inc.*, 2022 WL 595742, at *4 n.4 (S.D.N.Y. Feb. 28, 2022) ("Service by mail is insufficient under Federal Rule of Civil Procedure 4(h)(1)(B)." (collecting cases)). Nor do the laws of Wisconsin or New York. *See Accuprobe*, 2022 WL 595742, at *4; *Geraci v. Everhart*, 2009 WL 3446193, at *3 (E.D. Wis. Oct. 23, 2009); Wis. Stat. § 180.1510. TDY's first attempt at service through certified mail therefore did not suffice under any relevant law.

TDY then "attempted personal service" on IWY through a process server. *See* Docket Item 6 at ¶ 5. But as TDY acknowledges, that attempt was unsuccessful because the process server could not find anyone who could or would accept service.[4] *See id.* at ¶ 6.

### B. Personal Service on IWY's Registered Agent in Illinois

TDY next attempted to personally serve IWY's registered agent in Illinois. Under Rule 4(h)(1)(B), a plaintiff may serve a corporation by "delivering a copy of the summons and of the complaint to . . . a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Illinois and New York likewise allow service on a corporation by personally

---

[4] TDY notes that the address was a "temporary office space," which this Court reads as implying that no one authorized by law to accept service was present. Docket Item 6 at ¶ 6. TDY also notes that "no one present would accept service." *See id.*

serving its registered agent. *See Shumway v. Gurnee Prop. Mgmt., Inc.*, 2022 WL 1211507, at *2 (N.D. Ill. Apr. 25, 2022) ("Illinois law [] allows a plaintiff to serve a corporation 'by leaving a copy of the process with its registered agent.'" (quoting 735 Ill. Comp. Stat. 5/2-204)); *Carr-Stock v. Orthotic Rehab. Prods., Inc.*, 832 F. Supp. 2d 229, 235 (W.D.N.Y. 2011) ("New York's service of process rules provide that personal service upon a foreign or domestic corporation may be made 'to . . . [a] managing or general agent[] . . . or to any other agent authorized by appointment or by law to receive service." (quoting New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") § 311(a)). So by personally serving IWY's registered agent, TDY would have successfully served the summons and complaint.

But TDY not serve IWY's registered agent. Instead, TDY's process server encountered "the registered agent's wife." Docket Item 8 at ¶ 23. And it is unclear whether TDY even left copies of the summons and complaint with the registered agent's wife during that encounter.[5]

Moreover, even if TDY had served the registered agent's wife, it offers no argument why that would be sufficient. And under the Federal Rules and New York and Illinois law, service on a registered agent's wife is inadequate. *See Shumway*, 2022 WL 1211507, at *3 (finding service invalid under Illinois law and the Federal Rules because "a plaintiff seeking to serve a corporation's registered agent must deliver process to the

---

[5] TDY says that it "identified an additional address for [the] [d]efendant" in January 2021 and then "left copies of the summons and [c]omplaint with the wife [sic]." Docket Item 8 at ¶ 19. But TDY does not clarify whether "the wife" to whom it delivered the documents was the registered agent's wife or the wife of someone else somehow associated with the defendant in some way. In any event, that vague representation is insufficient to establish valid service.

7

registered agent, not just any person who may be present at the registered agent's address"); *Avanti Enters., Inc. v. A&T Produce, Inc.*, 2010 WL 3924771, at *2 (E.D.N.Y. July 21, 2010), *report and recommendation adopted*, 2010 WL 3909243 (E.D.N.Y. Sept. 30, 2010) (finding service invalid under New York law and the Federal Rules where service was "made on an individual who is not authorized to accept service at a location that is not the corporation's actual place of business"). For that reason, TDY did not validly serve IWY by serving its registered agent.

### C. Service on the Illinois Secretary of State

After the unsuccessful attempt to serve IWY's agent, TDY next tried service through the Illinois Secretary of State. If a corporation has a registered agent for service in Illinois, service on the corporation through the Secretary of State is permissible "[w]henever the corporation's registered agent cannot with reasonable diligence be found at the registered office in th[e] [s]tate." 805 Ill. Comp. Stat. Ann. 5/5.25(b)(2).

TDY's attempt to serve IWY's registered agent may suffice to establish "reasonable diligence," which would allow TDY to serve IWY through the Secretary of State. *See U.S. ex rel. Frontier Constr., Inc. v. Tri-State Mgmt. Co.*, 262 F. Supp. 2d 893, 894 n.3 (N.D. Ill. 2003) (citing *Dutch Farm Meats, Inc v. Horizon Foods, Inc.*, 275 Ill. App.3d 322, 655 N.E.2d 1012 (1st Dist. 1995)) (finding that a single attempt at service can suffice to establish "reasonable diligence" under Illinois law).[6] Even so,

---

[6] As noted above, TDY also had attempted to personally serve IWY at its Wisconsin address after the first mailing was returned.

8

however, TDY failed to adequately serve IWY through the Secretary of State under Illinois law.

To effect service through the Illinois Secretary of State, the plaintiff must "provide the Secretary of State with a copy of the process, the notice or demand and any other required documents, along with an affidavit of compliance" and also "send the same by registered or certified mail to the corporation being served" at the address on file and the address "which the person instituting the action knows or[] . . . has reason to believe[] is most likely to result in actual notice." *3M Co. v. John J. Moroney & Co.*, 374 Ill. App. 3d 109, 111-12, 870 N.E.2d 881, 883 (1st Dist. 2007) (alterations omitted) (citing 805 Ill. Comp. Stat. Ann. 5/5.25(c)(2)(ii)).  TDY has attached a copy of the cover letter it sent to the Illinois Secretary of State.  Docket Item 8-5.  But TDY apparently did not comply with the second requirement of service on the Illinois Secretary of State by mailing the documents to IWY when it sent them to the Secretary of State.  In fact, TDY offers only that it "sent, via certified mail, *a letter regarding the lawsuit*" to IWY's registered agent, and that it did so some *three months before it attempted service* through the Illinois Secretary of State.  Docket Item 8 at ¶¶ 24-26 (emphasis added).  Sending a letter about the lawsuit is not the same as sending the summons and complaint; sending it three months before attempting service through the Secretary of State cannot complete service.[7]  So even assuming that TDY complied with some of the requirements for serving the Secretary of State under Illinois law, service here still was inadequate.

---

[7] For that same reason, TDY's first mailing in November 2020 does not suffice.

### D. Service by Publication in Wisconsin

Finally, TDY attempted to serve IWY by publication in Wisconsin. TDY did not refer to that attempt at service in its motion for a default, *see* Docket Item 8; instead, four weeks after TDY moved for the entry of default, it simply filed an affidavit attesting that the complaint in this case was printed in the *Appleton Post Crescent* during three consecutive weeks in June and July of 2021, *see* Docket Item 9. Although "[i]t is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work[] [and] put flesh on its bones," *see United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), this Court addresses whether that publication constituted valid service.[8]

Under Wisconsin law, "if a party cannot be served personally after 'reasonable diligence,' service can be made 'by publication of the summons as a class 3 notice, under ch. 985, and by mailing.'" *Krahenbuhl v. Ostrich Ranchers Ltd.*, 2007 WL 3012712, at *2 (E.D. Wis. Oct. 12, 2007) (quoting Wis. Stat. § 801.11(1)(c)). "To serve by publication, a plaintiff must publish a class 3 notice once each week, for three consecutive weeks, in a newspaper likely to give notice in the area or to the person affected, and at or immediately prior to the first publication, a copy of the summons and a copy of the complaint must be mailed to the defendant[] provided that the defendant's post-office address can be ascertained." *Birch Hill Real Estate, LLC v. Breslin*, 2019 WL 4278505, at *3 (E.D. Wis. Sept. 10, 2019) (citations and internal quotation marks omitted).

---

[8] New York law specifically permits service by publication upon court order in limited situations that are not implicated here. *See* N.Y. C.P.L.R. §§ 314, 315.

As an initial matter, it is unclear whether TDY's two attempts at personal service suffice to establish the "reasonable diligence" necessary to serve by publication under Wisconsin law. *Compare Wis. Laborers Health Fund v. Superior Sewer & Water, Inc.*, 2021 WL 6333911, at *2 (W.D. Wis. Sept. 7, 2021) ("[T]he court isn't persuaded that a single attempt of service at two locations qualifies as making a reasonably diligent effort under the circumstances of this case."), *with Colborn v. Netflix Inc.*, 541 F. Supp. 3d 888, 895 (E.D. Wis. 2021) (suggesting that two attempts at personal service may suffice under Wisconsin law). And regardless, TDY offers no indication that it ever mailed the summons and complaint to IWY "at or immediately prior to the first publication." *See Colborn*, 541 F. Supp. 3d at 897. So even if TDY complied with some requirements of service by publication under Wisconsin law,[9] it did not validly effect service through publication.

### E. Alternative Means of Service

For all those reasons, TDY's attempts at service under state law were invalid. TDY also says, however, that "it has become beyond impractical for [it] to serve IWY and its registered agent" and invokes New York and Illinois provisions allowing court-directed service where service under prescribed means is "impracticable" or "impractical." *See* Docket Item 8 at ¶¶ 6, 9, 27.

---

[9] TDY has not explained, for example, why publication in the *Appleton Post Crescent* would be likely to give IWY notice of this suit. Although that may seem intuitive considering IWY's principal place of business in Appleton, *see* Docket Item 1 at ¶ 2, "[i]t is the job of counsel, not the court, to frame legal arguments," *see Petrello v. White*, 2007 WL 2276300, at *11 (E.D.N.Y. Aug. 7, 2007); *see also Zannino*, 895 F.2d at 17.

11

"New York allows other avenues of service" on a corporation "only when the original methods are impracticable[] and the alternative is ordered by the court."[10] *Black v. Vitello*, 841 F. App'x 334, 335 (2d Cir. 2021) (summary order) (citing N.Y. C.P.L.R. § 311(b)). But TDY has not moved for an order from this Court directing service by alternative means. Instead, by moving for the entry of default, TDY asks this Court to deem its prior attempts at service effective even though none of them conformed with state law. So TDY's fleeting references to court-ordered alternative service, raised in a motion for the entry of default rather than a motion for an alternative mode of service, do not show that service was adequate here.[11]

---

[10] Whether the same is true under Illinois law is unclear. Under Illinois law, "[i]f service upon an individual defendant is impractical" through normal means, "the plaintiff may move, without notice, that the court enter an order directing a comparable method of service." 735 Ill. Comp. Stat. Ann. 5/2-203.1. A corporation, on the other hand, may be served either through its officer or agent or "in any other manner now or hereafter permitted by law." 735 Ill. Comp. Stat. Ann. 5/2-204. Although that latter provision would appear to authorize a broad range of possible means of service under Illinois law, Illinois courts have interpreted it as permitting service only "under other statutes such as the Corporation Act and the Insurance Code or similar legislation," and not incorporating the rules governing service on an individual. *See Van Der Molen Disposal Co. v. W. Bearings Corp.*, 127 Ill. App. 2d 33, 37, 261 N.E.2d 759, 761 (1st Dist. 1970) (rejecting argument that a corporation could be served under provision allowing for substitute service of individuals); *Mason v. Freeman Nat'l Printing Equip. Co.*, 51 Ill. App. 3d 581, 584, 366 N.E.2d 1015, 1017 (1st Dist. 1977) (citing *Van Der Molen Disposal* for the same proposition). So section 2-203.1—which by its terms allows a court to order alternative service "upon an individual defendant" if other means prove unavailing—may not apply here. *But see Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 2021 WL 3077305, at *2 (N.D. Ill. Mar. 25, 2021) (contemplating that service can be made on a corporation under section 2-203.1). In any event, because TDY has not actually asked this Court to order alternative service—under either New York or Illinois law—this Court declines to do so now.

[11] In some cases involving alternative service of an individual under N.Y. C.P.L.R. § 308(5), New York courts have granted a motion *nunc pro tunc* deeming prior alternative service on an individual valid. *See, e.g.*, *Morgan Guar. Tr. Co. of N.Y. v. Hauser*, 183 A.D.2d 683, 684, 584 N.Y.S.2d 65, 65-66 (1st Dep't 1992). TDY has not, however, moved for such an order here.

## **CONCLUSION**

For the reasons stated above, TDY has failed to serve the summons and complaint on IWY.  TDY's motion for entry of default, Docket Item 8, therefore is DENIED.  TDY's time to effect service on IWY is extended for another 90 days from the date of this order.  *See* Fed. R. Civ. P. 4(m).

SO ORDERED.

Dated:   May 19, 2022
            Buffalo, New York


                                                           */s/ Lawrence J. Vilardo*
                                                        LAWRENCE J. VILARDO
                                                        UNITED STATES DISTRICT JUDGE